THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EPIFANIO ECHEVARRÍA RIVERA, Defendant and Appellant.

No. CR-66-379.        Decided June 6, 1968.

*Gilberto Concepción de Gracia, Práxedes Álvarez Leandri,* and *William Morales Torres* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

· PER CURIAM: Epifanio Echevarría Rivera, appellant herein, was accused of theft, rape and the crime against nature. He was acquitted by a court without a jury of the theft charge and convicted of the other two charges. He was ordered to serve from four to eight years in the penitentiary for each count.

On appeal he assigns that the trial court erred (1) in giving credit to the alleged prosecutrix's testimony when its very falsity and improbability appear therefrom; (2) in accepting, as corroborative evidence, the sufficiency of a policeman's testimony; (3) in concluding that the alleged prosecutrix's testimony establishes the rape, since it appears from her recital that there was consensual intercourse between both parties; and (4) in permitting to enter in the record reference to defendant's confession before it was admitted in evidence, and in spite of the fact that its admission was subsequently challenged.

1. The Solicitor General acquiesces to the reversal of the judgment rendered in the case of rape. He indicates that the evidence of corroboration offered is not the kind which may connect appellant with the commission of the crime.

At the threshold, it is necessary to summarize what we have ruled as to corroboration, in the light of the provision of Rule 154 of the Rules of Criminal Procedure. In *People* v. *De Jesús Cruz*, 94 P.R.R. 170 (1967), we decided that the corroboration required by this Rule may be the testimony of a person in relation to the complaint made by the prosecutrix to that person, provided the same is part of the *res gestae*. In *People* v. *Arroyo Agosto*, 93 P.R.R. 433 (1966), we said that the complaint does not constitute corroborating evidence when it does not identify the assailant. Lastly, when the witness who testifies as to what the prosecutrix told her is not the first person to whom the former complained, the recital of what the prosecutrix said is not admissible since the complaint has ceased to be part of the *res gestae. People*

v. *Juan de Matta Ortiz*, judgment of June 29, 1967; *People* v. *Márquez*, 64 P.R.R. 354 (1945). Under special circumstances, like in *People* v. *Aponte*, 77 P.R.R. 870 (1955), we have said that the testimony of the second person as to what the prosecutrix informed to her in relation to the offense perpetrated upon her is admissible. We said in *People* v. *Colón*, 81 P.R.R. 788 (1960) that the testimony of the prosecutrix should be corroborated as to the carnal knowledge in itself as well as to the element of violence accompanying said act. In *Colón*, *supra*, we also said that no standard can be established to determine the sufficiency of the evidence of corroboration; and that each case should be decided on its particular circumstances.

In the case at bar there were two witnesses to whom the prosecutrix complained of the facts. The first, an employee of a garage where gasoline was sold, testified that she told him: "help me, sir, I have been raped and they are pursuing me to beat me." He added that he saw nobody pursuing her and he did not remember either that shortly before, an automobile where the prosecutrix and defendant were traveling stopped to take gasoline; and that in the dark he did not notice she had any bruise, and lastly, that he told her to hide "beside the cafeteria door" until the police arrived.

The second witness was the policeman who arrived at the garage at 2:45 a.m. When he testified that the prosecutrix "told me everything" defendant's counsel objected to his testimony because it was not part of the *res gestae*. He testified that the prosecutrix told him that "She alleged that she was with a man whom she knew by sight, that the former had taken her to *La Yuca* and had raped her"; that he forced her to have relations against nature with him and that he gave her a beating; that "Her upper lip was somewhat swollen, and her neck and part of her arms were black and blue"; that he did not see defendant.

Dr. René Rigal testified that he examined the prosecutrix the next day and that she had black-and-blue marks on the right side of her face, neck, left arm, traumata on both breasts, and in the anterior wall of the abdomen.

Appellant testified at the trial that he knew the prosecutrix; that about 4:30 p.m. on the day of the occurrence he took her in his automobile to a place known as *La Puntita* where he had sexual intercourse with her with her consent; they returned from there about midnight. He denied having possessed her by force or that he had beaten her; and that the sexual intercourse was the natural way.

■ We conclude that in this case there was the corroborating evidence required by Rule 154 of the Rules of Criminal Procedure to find appellant guilty of rape. In his testimony appellant identified himself as the person who had sexual intercourse with the prosecutrix in his automobile in the evening and night of the occurrence. Appellant, being thus connected with the facts of the case, the corroboration of the prosecutrix in the sense that said act was performed by appellant by the use of force and violence to overcome, as he did, her opposition, consisted of the testimony of the first witness to whom she complained that she had been raped, and the testimony of the policeman, and that of the doctor in relation to the marks of the beating they noticed in different parts of the prosecutrix's body a short time after the facts which gave rise to the accusation occurred.

■ 2. The evidence as to the commission of the crime against nature was conflicting. It consisted of the testimonies of the prosecutrix, of the doctor who examined her the day after the occurrence, and that of appellant.

We have examined the record and we do not consider unbelievable and improbable the prosecutrix's testimony to the effect that she got into a car driven by appellant, an acquaintance of hers, under his promise to take her to the

house where she worked, but that, on the contrary, he took her to a distant place, secluded and solitary, and beating her he obliged her to take off her clothes, pass to the back seat, and by force and without her consent to have sexual intercourse and to submit to the act against nature, and that in returning she could escape when appellant stopped in a store near the garage where she concealed herself. This testimony, together with that of the doctor, to the effect that the prosecutrix showed lacerations in the anus, justify our conclusion that appellant had committed the crime against nature charged against him.

■ 3. The fourth assignment concerning the admission in evidence of the confession lacks merit. When the prosecuting attorney undertook to present evidence on the voluntariness of a statement, the trial judge asked whether it was exculpatory and the defense answered that it was inculpatory because the facts were accepted. There was evidence that appellant offered it voluntarily and that the pertinent legal warnings were made. Lastly, the trial judge denied its admission, after entering in the record that he had not read it although he asked to have it and had it in his hands for a moment, because "we are not duly complying with the Rule [22(b)] . . . it seems to me that the Rule requires something more than a mere warning . . . but rather to ask him a series of questions in order that there be no doubt that said person, to whom the pertinent warnings were given, has understood and comprehended his right." From the evidence in the record it appears that said confession was completely voluntary and that it was taken by the prosecuting attorney under the proper guarantees for defendant's protection. We do not believe that in obtaining it Rule 22 of the Rules of Criminal Procedure, which refers to the proceedings before the magistrate, was violated. Therefore, we conclude, that said confession was admissible.

However, the trial judge indicated that he based his decision on the evidence offered, on the beating received by the prosecutrix, and on the doctor's report.

The judgments rendered by the Superior Court, Ponce Part, on September 20, 1965, in cases Nos. G-65-40, Rape, and G-65-38, Crime Against Nature, will be affirmed.

Mr. Justice Torres Rigual did not participate herein.